### MARION ROGERS v. THE STATE.

*No. 3932.    Decided November 14.*

1. **Slander—Information.**—An information for slander, by imputing to a female a want of chastity, should allege at least the substance of the language actually used by the accused, and to that language the proof should be confined.

2. **Same—Innuendo in Pleading.**—In a prosecution for slander, if the meaning of the language be obscure, its meaning should be alleged by innuendo in the information, otherwise the proof of its meaning is not admissible.

3. **Same—Variance in Allegation and Proof.**—Where the slander as alleged in the indictment consisted in the statement made by the accused that he "had met her, the said Sarah Lee Rimmer, in the night-time, in the bushes, and did then and there have carnal intercourse with the said Sarah Lee Rimmer," and the only proof was, that "he would meet Sarah Lee Rimmer there (meaning the well) at night, and 'dick' her," meaning that he would have carnal knowledge of her, *held*, variance, and that the proof did not sustain the allegation.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. Ragsdale, County Judge. It is unnecessary to state the facts.

No briefs on file.

WHITE, PRESIDING JUDGE.—Plaintiff was convicted in the court below of slander.

The allegation in the indictment was, that the defendant "did, in the presence and hearing of Bob Spearman and divers other persons, falsely, maliciously, and wantonly say, of and concerning the said Sarah Lee Rimmer, that he, the said Marion Rogers, had met her, the said Sarah Lee Rimmer, in the night-time, in the bushes, and did then and there have carnal intercourse with the said Sarah Lee Rimmer," etc.

Before noticing the other matters involved in this appeal, we call attention to the fact that the record fails to show that the defendant either pleaded to the indictment or that a plea of not guilty was entered for him. This of itself would be reversible error; but in addition to this, we are of opinion that the evidence wholly fails to support the allegation in the indictment.

The witness Bob Spearman, testifying to what the defendant did tell him, said among other things that defendant said that "he would meet Sarah Lee Rimmer there (meaning the well) at night, and 'dick' her, meaning that he would have carnal knowledge of her."

The case of Berry v. The State, 27 Texas Court of Appeals, 483, is directly in point, and it was there held, that "an information for slander, by imputing to a female a want of chastity, should allege, at least, the substance of the language actually used by the accused, and to that language the proof should be confined. If the meaning of the language as charged be obscure, the information should allege its meaning; otherwise the proof of its meaning is not admissible. The meaning of the language charged by the information in this case is clear and unambiguous, but the language proved is not only a variance from that alleged, but is obscure in meaning. The trial court permitted the State's witness to testify that he understood the language used by the accused to correspond in meaning with that charged in the information. Held, error."

We might suggest that the prosecuting officer, now that he has Mr. Spearman's testimony as to what defendant actually did say to him, could procure a new indictment stating the exact language, together with such innuendo as may be necessary to make the allegation plain and unambiguous.

For the errors above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.